NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>       Plaintiff-Appellant,<br><br> v.<br><br>MARK RITCHIE, M.D.; et al.,<br><br>       Defendants-Appellees. | No. 17-15497<br><br>D.C. No. 4:15-cv-04876-HSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Carlos Armando Ortega appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs while he was a pretrial detainee at Santa Clara County Main Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Ortega's claims against defendants Grewal, Khan, Purdy, Ritchie, and Varsales because, under any potentially applicable standard, Ortega failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in their treatment of his mental health conditions. *See id.* at 1057-58 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health; a difference of opinion between a prisoner and medical authorities regarding the appropriate course of treatment, negligence, or medical malpractice do not amount to deliberate indifference); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court properly granted summary judgment on Ortega's claims against defendants Meade and Ferry because these defendants are absolutely immune from a suit for damages with regard to their testimony in another action. *See Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001) ("Witnesses,

including police witnesses, are accorded absolute immunity from liability for their testimony in judicial proceedings.").

The district court properly granted summary judgment on Ortega's supervisory liability claims against defendants Flores, Sepulveda, and Smith because Ortega failed to raise a triable dispute as to whether there was any underlying constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983); *Toguchi*, 391 F.3d at 1057-58; *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (there is no supervisory liability if there is no underlying constitutional violation).

To the extent that Ortega contends he alleged any claims against the City of San Jose or County of Santa Clara, the district court properly dismissed the claims because Ortega failed to allege facts sufficient to state a plausible claim for municipal liability. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (setting forth requirements for municipal liability under § 1983); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (there is no municipal liability if there is no underlying constitutional violation).

We reject as unsupported by the record Ortega's contention that the district

17-15497

court improperly construed his motions for summary judgment as oppositions to defendants' motions for summary judgment.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**